DONG, ADAM'S LAW FIRM PLLC
Adam Dong, Esq. (AD 6544)
3708 Main St, Suite 308
Flushing, NY 11354
Tel:    (929) 269-5666
*Attorneys for Plaintiffs, proposed FLSA Collective*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

--------------------------------------x

Huijie Dou,
*on behalf of herself and others similarly situated*

                        *Plaintiff*,

                  v.

RAVISSANICS BEAUTY LLC
d/b/a Ravissanics Beauty, and
YAHONG SUN,

                       *Defendants*.

--------------------------------------x

Case No. 20-cv-14793

**29 U.S.C. § 216(b)**
**COLLECTIVE ACTION**

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Huijie Dou (hereinafter referred to as "Plaintiff"), on behalf of herself and others similarly situated, by and through her attorneys, Dong, Adam's Law Firm PLLC. and Adam Dong, Esq., hereby brings this complaint against Defendants RAVISSANICS BEAUTY LLC d/b/a Ravissanics Beauty, and YAHONG SUN (collectively referred to as "Defendants") and alleges as follows:

**INTRODUCTION**

1.    This action is brought by Plaintiff Huijie Dou on behalf of herself and other similarly situated employees against Defendants for alleged violations of the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et seq.*, the New Jersey Wage Payment Law (NJWPL), N.J.S.A. §§ 34:11-4.1 *et* seq.;  the New Jersey Wage and Hour Law (NJWHL), N.J.S.A. §§ 34:11-56a *et seq*.; and the New Jersey Wage and Hour Regulations (NJWHR), N.J.A.C. §§ 12:56 *et seq.* arising from

Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.  Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA, NJWPL, NJWHL, and NJWHR by engaging in a patterned practice of failing to pay its employees, including the Plaintiff, minimum wage for all hours worked and overtime compensation for all hours worked over forty (40) each workweek.

3.  Plaintiff alleges pursuant to the FLSA, that she is entitled to recover from the Defendants: (1) unpaid wage for regular hours worked, (2) unpaid overtime wages, (3) liquidated damages, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and cost.

4.  Plaintiff alleges pursuant to NJWHL that she is entitled to recover from the Defendants: (1) unpaid wage for regular hours worked, (2) unpaid overtime wages, (3) equal to 200% of any wage amount owed as liquidated damages, and (4) reasonable attorney's fees and costs.

5.  Plaintiff alleges pursuant to NJWPL that she is entitled to recover from the Defendants: (1) unpaid wage for regular hours worked, (2) unpaid overtime wages, (3) equal to 200% of any wage amount owed as liquidated damages, and (4) reasonable attorney's fees and costs.

6.  Plaintiff alleges pursuant to NJWHR that she is entitled to recover from the Defendants: (1) unpaid wage for regular hours worked, (2) unpaid overtime wages, (3) equal to 200% of any wage amount owed as liquidated damages, and (4) reasonable attorney's fees and costs.

## JURISDICTION AND VENUE

7.  This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the NJWPL, NJWHL, and NJWHR claims pursuant to 28 U.S.C. § 1367(a).

8.  Venue is proper in this court pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged

took place in this District.

## THE PARTIES

### PLAINTIFF

9. From on or about July 7, 2019 to January 14, 2020, and then again from on or about February 13, 2020 to March 15, 2020, and finally from on or about July 11, 2020 to July 18, 2020, Plaintiff Huijie Dou was employed by Defendants to work as a massage worker at 100 Route 9 North, Unit 16, Manalapan, NJ 07726.

### DEFENDANTS

*Corporate Defendants*

**Defendant Ravissanics Beauty LLC**

10. Defendant Ravissanics Beauty LLC is a domestic business corporation organized under the laws of the State of New Jersey with a principal address at 100 Route 9 North, Unit 16, Manalapan, NJ 07726.

11. Ravissanics Beauty LLC offers in store beauty enhancement services and massage services, and also sells beauty products over the internet.

12. Upon information and belief, Ravissanics Beauty LLC is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

13. Ravissanics Beauty LLC purchased and handled goods moved in interstate commerce.

14. Ravissanics Beauty LLC was and continues to be an enterprise engaged in commerce within the meaning of the FLSA.

15. The work performed by Plaintiff was directly essential to the business operated by Ravissanics Beauty LLC.

**Owner/ Operator Defendants**

16. Yahong Sun, known as "Boss" to Plaintiff, is the president/owner of Ravissanics Beauty LLC. Yahong Sun (1) had the power to hire and fire employees on behalf of Corporate Defendant, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at Ravissanics Beauty LLC.

17. Yahong Sun hired Plaintiff.

18. Yahong Sun determined Plaintiff' work schedule.

19. Yahong Sun supervised Plaintiff.

20. Yahong Sun determined Plaintiff's rates of pay.

21. Yahong Sun paid employees of Ravissanics Beauty LLC.

22. All employees of Ravissanics Beauty LLC report to Yahong Sun.

23. Yahong Sun maintained all employee records and business records of Ravissanics Beauty LLC.

24. Yahong Sun acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with Ravissanics Beauty LLC.

## STATEMENT OF FACTS

25. Defendants committed the following alleged acts knowingly, intentionally, and willfully against the Plaintiff, and the potential FLSA Collective Plaintiffs:

26. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees at least the minimum wage under FLSA. NJWHL, NJWPL, and NJWHR for each or some of the hours worked.

27. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff the lawful

overtime compensation of one and one half times (1.5x) her regular rate of pay for all hours worked over forty (40) in a given workweek.

28. While employed by Defendants, Plaintiff was not exempt under federal or state laws requiring employers to pay employees overtime compensation.

29. Upon information and belief, Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

30. Defendants did not inform Plaintiff or any other employee about whether Defendants would take tip credit toward the minimum wage or overtime compensation.

31. Defendants did not inform Plaintiff or any other employee in writing regarding any deductions on meal or lodging that the Defendants would take against Plaintiff or any other employee's payment.

*Plaintiff Huijie Dou*

32. From on or about July 7, 2019 to January 14, 2020, and then again from on or about February 13, 2020 to March 15, 2020, and finally from on or about July 11, 2020 to July 18, 2020, Plaintiff Huijie Dou was employed by Defendants to work as a massage worker at 100 Route 9 North, Unit 16, Manalapan, NJ 07726.

33. Throughout Ms. Dou's employment at Ravissanics Beauty LLC, Ms. Dou was paid on a commission basis. Defendants would assign works to Ms. Dou and other employees on a rotating basis, unless the customer specifically asks for service from a specific worker.

34. For each hour of massage service performed, Ms. Dou would receive $20 dollars as commission.

35. For each hour of massage service, Ravissanics Beauty LLC charges customers $45-$48 dollars per hour.

36. Ms. Dou's pre-deduction commission[1] was as follows:

| Work Period (week of) | Weekly Commission |
|---|---|
| 2019-07-07 | $ 670.00 |
| 2019-07-14 | $ 700.00 |
| 2019-07-21 | $ 600.00 |
| 2019-07-28 | $ 780.00 |
| 2019-08-04 | $ 690.00 |
| 2019-08-11 | $ 890.00 |
| 2019-08-18 | $ 720.00 |
| 2019-08-25 | $ 880.00 |
| 2019-09-01 | $ 710.00 |
| 2019-09-08 | $ 650.00 |
| 2019-09-15 | $ 670.00 |
| 2019-09-22 | $ 585.00 |
| 2019-09-29 | $ 650.00 |
| 2019-10-06 | $ 640.00 |
| 2019-10-13 | $ 860.00 |
| 2019-10-20 | $ 624.00 |
| 2019-10-27 | $ 730.00 |
| 2019-11-03 | $ 790.00 |
| 2019-11-10 | $ 660.00 |
| 2019-11-17 | $ 630.00 |
| 2019-11-24 | $ 540.00 |
| 2019-12-01 | $ 517.00 |
| 2019-12-08 | $ 530.00 |
| 2019-12-15 | $ 613.00 |
| 2019-12-22 | $ 710.00 |
| 2019-12-29 | $ 800.00 |
| 2020-01-05 | $ 660.00 |
| 2020-01-12 | $ 240.00 |
| 2020-01-19 | |
| 2020-01-26 | |
| 2020-02-02 | |
| 2020-02-09 | $ 456.00 |
| 2020-02-16 | $ 790.00 |
| 2020-02-23 | $ 673.00 |
| 2020-03-01 | $ 520.00 |
| 2020-03-08 | $ 636.00 |
| 2020-07-12 | $ 620.00 |

---

[1] Defendants would deduct $5 per day from Ms. Dou's pay for "lodging."

6

37. Defendants would pay Ms. Dou once every week on Mondays.

38. Throughout Ms. Dou's employment at Ravissanics Beauty LLC, her regular work schedule ran from 9:30 am to 7 pm, from Thursdays to Tuesdays, with Wednesdays off, for six days per week, and 57 hours per week. When business was busy, Ms. Dou would work 7 days per week, and 66.5 hours per week, and would only take a day off once every two weeks.

39. The only weeks Ms. Dou worked less than her regular schedule were the weeks of January 12, 2020, and February 9, 2020, which Ms. Dou only worked 3 days in those two weeks; and the week of July 5, 2020 which Ms. Dou only worked one day in said week.

40. Sometimes, Ms. Dou had to work beyond 8 pm when customers "add clock[2]," or when customers arrive near store closing time.

41. Throughout Ms. Dou's employment, she lived in Defendants' store located at 100 Route 9 North, Unit 16, Manalapan, NJ 07726. Two other employees also lived in Defendants' store located at 100 Route 9 North, Unit 16, Manalapan, NJ 07726 while working for Defendants.

42. Throughout Ms. Dou's employment, Defendants deducted $5 per day from Plaintiff's pay for living in the store. Defendants also deducted the same amount from other employees who lived in the store.

43. Throughout Ms. Dou's employment, there were at least 3 to 4 massage workers, and at least 3 to 4 facial service workers working at Defendants' store at the same time. Sometimes there would be 10 workers working at the same time on busy weekends.

44. Throughout Ms. Dou's employment at Ravissanics Beauty LLC, she was not afforded with a fixed time for lunch break, in fact, no employee was afforded with a fixed time for lunch break.

45. Throughout Ms. Dou's employment at Ravissanics Beauty LLC, she was not compensated

---

[2] Add clock means adding time on service, for example, a customer initially orders one hour of service, toward the end, the customer orders an additional hour of service, thus "adding the clock."

at one and a half times (1.5x) of her regular rate for the hours she worked in excess of forty (40) in a given workweek.

46. Defendants did not pay Ms. Dou at all for the week of July 12, 2020 to July 18, 2020, and upon information and belief, the unpaid wage for that week amounts to $620.

47. Ms. Dou's last day of work was July 18, 2020, and to date, she has not received her last week's paycheck.

48. While employed by Defendants, Ms. Dou was not exempt under federal or state laws from receiving minimum wage or overtime pay.

49. Defendants failed to keep full and accurate records of Plaintiff's hour and wages.

50. Defendants failed to maintain accurate and sufficient time records of employees' hours worked, failed to provide such records to employees, and failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA, and applicable New Jersey state wage laws.

## COLLECTIVE ACTION ALLEGATIONS

51. Plaintiff brings this action individually and as class representatives on behalf of all other similar situated current and former non-exempt employees who have been employed by Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and those who were not compensated at one and one half times their regular hourly rate for all hours worked in excess of forty (40) hours per workweek, and those who were not compensated for all hours worked (the "Collective Action Members").

## STATEMENT OF CLAIMS

### COUNT I

**[Violation of Fair Labor Standards Act— Unpaid Wages/Minimum Wages**

**Brought on Behalf of Plaintiff and the FLSA Collective]**

52. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

53. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and the similarly situated collective action members, for some or all of the hours they worked.

54. The FLSA provides that any employer who violates the provisions of 29. U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid wage, and in an additional equal amount as liquidated damages.

55. Defendants did not pay Ms. Dou at all for her work performed for the last eight days of her employment.

56. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective action Members for some or all of their hours worked when Defendants knew or should have known that their actions would financially injure Plaintiff and Collective Action Members.

## COUNT II

**[Violation of Fair Labor Standards Act— Failure to Pay Overtime**

**Brought on Behalf of Plaintiff and the FLSA Collective]**

57. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

58. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a workweek longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one half times the regular rate at which he is employed, or one and one half times the minimum wage,

whichever is greater. 29 U.S.C. § 207(a).

59. The FLSA provides that any employer who violates the provision of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 U.S.C. § 216(b).

60. Defendants' failure to pay Plaintiff and the FLSA Collective their proper overtime rate violated the FLSA.

61. Defendants only paid their employees including Ms. Dou straight time rate, and failed to pay the overtime premium for hours worked over forty (40).

62. At all relevant times, Defendants had, and continue to have, a policy and practice of refusing to pay the proper overtime rate to Plaintiff and FLSA Collective members at one and one half times of their regular hourly rate for all hours worked in excess of forty (40) per workweek, which violated and continues to violate the FLSA. 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

63. The FLSA and supporting regulations requires employers to notify employees of employment law requirements. 9 C.F.R. § 516.4.

64. Defendants willfully failed to notify Plaintiff and FLSA collective members of the requirements of the employment law in order to facilitate their exploitation of Plaintiff and FLSA collective's labor.

65. Defendants knew or should have known that by failing to pay Plaintiff and FLSA collective the proper overtime rate, Plaintiff and FLSA collective members would be financially injured.

**COUNT III**

**[Violations of New Jersey Wage Payment Law—Minimum Wage/ Unpaid Wage Brought on Behalf of Plaintiff]**

66. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

67. At all relevant times, Plaintiff was employed by Defendants within the meaning of the NJWPL.

68. NJWPL §34:11-4.3 *et seq.* requires employers to pay the full amount of wages due to employees not later than the regular payday for the pay period during which the employee's termination, suspension or cessation of employment (whether temporary or permanent) took place.

69. Ms. Dou's last day of work was July 18, 2020, to date, Ms. Dou has not received her wage payment for her last eight days of work.

70. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, for some or all of the hours she worked.

71. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay her minimum wages in the lawful amount for hours worked.

72. By failing to pay Plaintiff, Plaintiff is entitled to recover from Defendants her full unpaid wage, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursement of the action, and interest pursuant to NJWPL.

## COUNT IV

**[Violations of New Jersey Wage and Hour Law—Unpaid Overtime Wage**

**Brought on Behalf of Plaintiff]**

73. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

74. At all relevant times, Plaintiff was employed by Defendants within the meaning of the NJWHL.

75. Under the NJWHL and supporting NJ Department of Labor Regulation, Defendants were required to pay Plaintiff and a half times (1.5x) the regular rate of pay for all hours worked in excess of forty (40) in a workweek.

76. Defendants failed to pay Plaintiff the overtime wage to which she was entitled under the NJWHL.

77. Defendants have willfully violated the NJWHL by knowingly and intentionally failing to pay Plaintiff overtime wages.

78. Due to Defendants' willful violations of the NJWHL, Plaintiff is entitled to recover her unpaid overtime wage, reasonable attorney's fees and cost of this action, liquidated damages, and prejudgment and post judgment interest.

## JURY TRIAL

79. Plaintiff demands this case to be tried by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself, and the FLSA Collective Action Members, respectfully request that this Court enter a judgment providing the following relief:

a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they wish to pursue their claims;

b) Certification of this case as a collective action pursuant to FLSA;

c)  Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similar situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state law claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and her counsel to represent the Collective Action Members.

d)  A declaratory judgment that the practices complained of herein are unlawful under the NJWHL, NJWPL, and NJWHR;

e)  An injunction against Corporate Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices and policies set forth herein;

f)  An award of unpaid wage and overtime wages due under the FLSA, NJWHL, NJWHR, and NJWPL plus compensatory and liquidated damages;

g)  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, pursuant to 29 U.S.C. § 216.

h)  An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. § 216(b), NJWHL, NJWHR, and NJWPL;

i)  The cost and disbursements of this action;

j)  An award of prejudgment and post-judgment fees; and

k)  Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York
       October 21, 2020

Respectfully submitted,

**Dong, Adam's Law Firm PLLC**

/s/ Adam Dong
Adam Dong, Esq. (AD 6544)
3708 Main St, Ste 308
Flushing, NY 11354
Tel: (929) 269-5666
Email: adam.dong@dongadams.com

*Attorneys for the Plaintiff, and FLSA collective*

14