
20-14793(BRM)

## SETTLEMENT AGREEMENT

This Settlement Agreement & Mutual Release ("Agreement") is made this 13th day of November, 2020 (the "Effective Date"), by and among, (i) HUIJIE DOU (hereinafter "Plaintiff"), (ii) RAVISSANICS BEAUTY LLC; and YAHONG SUN (hereinafter, "Defendants"), (Plaintiff and Defendants, collectively, the "Parties").

## RECITALS

**WHEREAS**, Plaintiff was employed by Defendants for certain time periods; and

**WHEREAS**, on October 21, 2020, Plaintiff through her attorney, Adam Dong, filed a Complaint (the "Action") against Defendants in the United States District Court for the District of New Jersey (the "Court") alleging claims under the Fair Labor Standards Act ("FLSA) and the New Jersey Wage and Hour Law ("NJWHL"), 20-cv-14793 (the "Docket Number"); and

**WHEREAS**, Defendants deny all claims in Plaintiff's Complaint;

**WHEREAS**, the Parties have determined it to be in their mutual interest to settle the Action and all matters between them; and

**WHEREAS**, the Parties desire to have no further obligation to each other, except as specifically provided herein; and

**WHEREAS**, Plaintiff has, throughout the negotiation and execution of this Agreement, been represented by her counsel, Adam Dong, Esq., Dong, Adam's Law Firm PLLC, 3708 Main St, Suite 308, Flushing, NY 11354, Tel: (929) 269-5666, Email: adam.dong@dongadams.com; and

**WHEREAS**, Defendants have, throughout the negotiation and execution of this Agreement, been represented by their counsel, Heng Wang, Esq., Wang, Gao & Associates, P.C., 36 Bridge Street, Metuchen, NJ 08840, Tel: (732) 767-3020, Email: heng.wang@wanggaolaw.com; and

**WHEREAS**, Plaintiff and Defendants have reached a settlement which constitutes a reasonable compromise of Plaintiff's claims and Defendants' defenses; and

**WHEREAS**, Plaintiff acknowledges that she has entered into this Agreement freely and voluntarily, without threats or coercion of any kind by anyone; and

**WHEREAS**, Plaintiff acknowledges that she understands the meaning and effect of the execution of this Agreement.

**THEREFORE**, for good and valuable consideration, the sufficiency of which is acknowledged by each signatory to this Agreement, and in consideration of the mutual covenants and undertakings set forth herein, the Parties agree as follows:

### 1. Settlement Amount

In exchange for and in consideration of the covenants and promises contained herein, including the Mutual Release contained in Section 6 of this Agreement, Defendants will provide

Plaintiff with a settlement in the amount of Five Thousand Dollars ($5,000.00) ("Total Settlement Amount"), consisting of two parts:

a) The out-of-pocket expenses, which are necessary and incidental to the representation of Plaintiff, are documented to the amount of Five Hundred and Ten Dollars and Eighty Eight Cents ($510.88).
b) The Net Recovery Amount is Four Thousand Four Hundred and Eighty Nine Dollars and Twelve Cents ($4,489.12). One Hundred percent (100%) of the Net Recovery Amount, Four Thousand Four Hundred and Eighty Nine Dollars and Twelve Cents ($4,489.12) is due to Plaintiff.

**2. Settlement Payment Schedule**

The Settlement shall be payable on a schedule as set forth as follows:

Installment 1 of 1: Five Thousand Dollars ($5,000.00) shall be mailed or hand delivered to Dong, Adam's Law Firm PLLC, 3708 Main St, A2, Flushing, NY 11354 within 10 calendar days of judicial approval of this settlement agreement and consist of two (2) checks:

a) A bank check made payable to "Dong, Adam's Law Firm PLLC" in the amount of Five Hundred and Ten Dollars and Eighty Eight Cents ($510.88), representing out-of-pocket costs expended on behalf of Plaintiff for the present Action; and
b) A bank check of Four Thousand Four Hundred and Eighty Nine Dollars and Twelve Cents ($4,489.12), made payable to "Huijie Dou."

**3. Missed/ Late Payment**

a) If the payment is mailed or hand delivered to Plaintiff's counsel seven (7) or more calendar days after its due date or if the check is mailed or hand delivered on time but fails to clear the first time when it is deposited or is otherwise unpresentable for payment, including being not signed or being made to the incorrect payee, Defendants agree to pay $100 as service charge that are incurred as a result of the bounced check and this charge will be paid with the new payment.
b) Defendants agree to pay both Defendants' Counsel and Plaintiffs' counsel for reasonable time spent conferring with each other, bank, and Defendants as a result of any late or non-depositable payment caused by Defendants. This fee will be due alongside the late or non-depositable payment.
c) In addition, if payment is mailed or hand delivered more than ten (10) calendar days after the due date of the check, Defendants agree to pay an additional interest charge accrued at a simple interest of five percent (5%) per year.

**4. Attorneys' Fees**

The Parties, and each of them, hereby acknowledge and agree that neither party is a prevailing party herein, and each Party shall bear their own respective attorneys' fees and costs incurred as a result of the Action, this Agreement, and the matters giving rise to the Action and this Agreement.

a) In the event of a breach of the Agreement by Defendants for defaulting on the payment of the settlement amount, Defendants shall be responsible for Plaintiff's reasonable attorneys' fees and cost and disbursements of judgment lien enforcement proceedings;
b) In the event of a breach of the Agreement by Plaintiff, Plaintiff shall be responsible for Defendants' reasonable attorneys' fees and costs in any action to enforce this Agreement.

## 5. Tax

Each payer of a payment under this Agreement and each recipient of a payment under this Agreement will be responsible for all taxes that he/she is legally responsible to pay as a result of this Agreement.

## 6. Mutual Release

In exchange for and in consideration of the covenants and promises contained herein, Plaintiff, individually and on behalf of her children, spouse, agents, heirs, executors, administrators, beneficiaries, trustees, successors, assigns and legal representatives (all of whom are referred to in this Agreement as "Releasors"), hereby fully and forever waive, discharge, and release (i) Yahong Sun, in her individual and corporate capacities, and her heirs, executors, administrators, attorneys, successors and assigns; and (ii) Ravissanics Beauty LLC and its current and former parents, subsidiaries, divisions, branches, and assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; (all of whom are referred to in this Agreement as "Releasees") from any and all claims for compensation and benefits relating to Plaintiff's employment or discontinuation of employment with Defendants, including but not limited to claims for salary, wages, bonuses, commissions, inventive compensation, vacation, sick pay, severance, as well as compensatory damages, liquidated damages, punitive damages, penalties, prejudgment and post-judgment interest.

This release does not include a release of any rights Plaintiff may have under this Agreement. Nothing herein shall prevent Plaintiff from filing a charge or participating in any investigation or proceeding conducted by the National Labor Relations Board, the Securities and Exchange Commission, the Equal Employment Opportunity Commission or a federal, state, or local fair employment practices agency. However, if Plaintiff files such a charge or participates in such investigation or proceeding, Plaintiff expressly waives the right to recover any award of money or damages in connection with such charge.

Plaintiff agrees, understands, and acknowledges that this Release provision is a substantial, material inducement to Defendants to enter into this Agreement. It is understood that if Plaintiff or any person or entity acting on her behalf or seeking benefits for her asserts or threatens to assert any claim released by this Agreement or otherwise violates this provision, then, in addition to any other legal or equitable remedies any of the Releasees may have, Plaintiff shall be jointly and severally liable for all attorneys' fees, expenses, and costs incurred by any of the Releasees as a consequence of breach of this provision.

Defendants hereby release, Plaintiff, Plaintiff's heirs, agents, and successors, jointly and severally, of any and all actions, charges, complaints, controversies, demands, cause of action, suits and/or claims, that Defendants have or may have against Plaintiff relating to Plaintiff's employment with Defendants as of the date the Agreement is executed. Notwithstanding the foregoing, the Parties understand and agree that Defendants' release of Plaintiff is contingent upon Plaintiff's fulfillment of obligations under and compliance with each and every term of this Agreement.

### 7. Discontinuance of Claims

Plaintiff acknowledges and agrees that she is not presently aware of any legal proceeding other than the Action pending between Plaintiff and/or her representatives and Defendants or the Releasees. Within five (5) calendar days of receipt of the Full Settlement Amount, Plaintiff shall dismiss and withdraw the present Action by executing the Stipulation of Voluntary Discontinuance with Prejudice in the form annexed hereto as Exhibit A ("Stipulation"), which Stipulation Plaintiff's attorney shall file by ECF to be So-Ordered by the Court; with an understanding that this Settlement Agreement is subject to judicial approval. Plaintiff shall further refrain from refiling any and all claims against Defendants and the Releasees any and all claims asserted in the Complaint.

### 8. Denial of Wrongdoing

Nothing contained in this Agreement, nor the fact that Plaintiff has been paid any remunerations under it, shall be construed, considered, or deemed to be evidence of or an admission of liability or wrongdoing by Defendants or Releasees. Defendants expressly deny any liability, committing any wrongdoing or violating any legal duty with respect to Plaintiff, including with respect to Plaintiff's employment, including, but not limited to Plaintiff's pay while in Defendants' employ. The terms of this Agreement, including all facts, circumstances, statements and documents, shall not be admissible or submitted as evidence in any litigation, in any forum, for any purpose, other than to secure enforcement of the terms and conditions of this Agreement, or as may otherwise be required by law.

### 9. Severability

Should any part of this Agreement be rendered or declared invalid by any court of competent jurisdiction, such invalidation of such part or portion of this Agreement shall not invalidate the remaining portions thereof, and they shall remain in full force and effect. It is further agreed that if part of this Agreement is determined invalid, each signatory may open negotiations solely with respect to a substitute for such paragraph, article, section, and/or portion within fourteen (14) days after an order has been executed.

### 10. Choice of Law and Forum

This Agreement shall at all times be construed and governed by the laws of the State of New Jersey, regardless of conflicts of laws principles. Any dispute, claim or cause of action arising out of, or relating to, Plaintiff's employment with Defendants or this Agreement shall be resolved in the United States District Court for the District of New Jersey.

## 11. Entire Agreement

The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes any and all prior and/or contemporaneous agreements and understandings, oral or written, among the Parties hereto. There is no other agreement except as stated herein. Plaintiff acknowledges that Defendants have made no promises to her other than those contained in this Agreement.

## 12. Modification

This Agreement may not be changed unless the change is in writing and signed by the Parties.

## 13. General Provisions

The failure of any party to this Agreement to insist on strict adherence of any term hereof on any occasion shall not be considered a waiver or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term hereof. The invalidity of any provision of this Agreement shall not affect the validity of any other provision hereof. This Agreement has been drafted and reviewed jointly by counsel for the Parties and no presumption or construction as to the drafting of this Agreement shall be applied against or in favor of any party.

## 14. Legal Counsel

Plaintiff is hereby advised of her right to consult with an attorney before signing this Agreement. Plaintiff hereby acknowledges that she is fully and fairly represented by Dong, Adam's Law Firm PLLC and Adam Dong, Esq. in connection with the review, negotiation and execution of this Agreement.

## 15. Execution

The Parties agree that this Agreement may be executed in counterparts, and that signatures transmitted electronically shall bear the same weight as original signatures.

**EACH SIGNATORY STATES THAT: (1) EACH HAS READ THIS AGREEMENT; (2) EACH UNDERSTANDS ITS TERMS; (3) AND EACH KNOWINGLY AND VOLUNTARILY INTENDS TO BE BOUND THEREBY.**

**IN WITNESS WHEREOF,** the undersigned individuals and entities have executed this Settlement Agreement & Release on the above date, and each hereby acknowledge that this Agreement shall be binding upon the parties hereto and their respective heirs, executors, administrators, successors and assigns.

*[Signatures are on the following page.]*

**PLAINTIFF**

Huijie Dou

Dated: _Huijie Dou_
11/13/20

**DEFENDANTS**

Yahong Sun

Dated: _____

Ravissanics Beauty LLC

Name: _____
Title:
Dated

**PLAINTIFF**

Huijie Dou

_____
Dated:

**DEFENDANTS**

Yahong Sun

_/s/ Yahong Sun_____
Dated: 11/13/2020

Ravissanics Beauty LLC

_/s/ Yahong Sun_____
Name: yahong sun
Title: CEO
Dated 11/13/2020

Date: 11/17/20
"So ordered."

_____
Brian R. Martinotti, USDJ